362 F.Supp. 411 (1973)
UNITED STATES of America, Plaintiff,
v.
Ellis ATHANAS et al., Defendants.
No. 72 Cr 248(1).
United States District Court, E. D. Missouri, E. D.
July 2, 1973.
William P. Cashill and Harry L. Strachan, III, Sp. Attys., U. S. Dept. of Justice, St. Louis, Mo., for plaintiff.
Dan O'Brien, St. Louis, Mo. for Athanas.
Donald Wolff, St. Louis, Mo. for Christophel.
Francis P. Dorsey, St. Louis, Mo. for Del Pietro.
Harold Weber, St. Louis, Mo. for Lancaster.
Ray B. Marglous, Clayton, Mo. for Schaefer.
James B. Herd, St. Louis, Mo. for Vinceri.
Murry Randall, St. Louis, Mo. for Vogt.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
MEREDITH, Chief Judge.
This cause was tried to the Court, pursuant to waiver of jury trial signed by all defendants. Defendants Lancaster and Lonsberry were severed and tried separately.
The indictment in Count I charges that from May 14, 1971, up to and including June 19, 1971, the defendants did knowingly, willfully, and unlawfully conduct, finance, manage, supervise, direct, and own an illegal gambling (to wit: "bookmaking") business, which was conducted, financed, managed, supervised, directed, and owned by five or more persons which had a substantially continuous period of operation in excess of thirty days and a gross revenue in excess of $2,000.00 on any single day, and *412 which was conducted, financed, managed, supervised, directed, and owned in violation of the laws of the State of Missouri, all in violation of 18 U.S.C. § 1955.
Count II charges that from May 14, 1971, up to and including June 19, 1971, the defendants did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree together and with each other to commit an offense against the laws of the United States, to wit: 18 U.S.C. § 1955, by conducting, financing, managing, supervising, directing and owning all or a part of an illegal gambling (bookmaking) business.
All of the defendants, except Lancaster and Lonsberry, executed an identical stipulation of facts. Lancaster and Lonsberry executed a separate stipulation of facts.

Stipulation of Facts
Defendants Ellis Athanas, Angelo Del Pietro, Clifford Alford Lancaster, alias "Preacher", James Lonsberry, and John Edward Vogt stipulated that they engaged in the business of bookmaking from on or about May 14, 1971, up to and including June 19, 1971. William Christophel and Frank Vinceri each stipulated that he engaged in the business of bookmaking from May 14, 1971, up to and including May 28, 1971. Eugene Schaefer stipulated that he occupied an office and exchanged line information with Clifford Alford Lancaster and disseminated line information to approximately thirty customers accepting bets from these customers from May 14, 1971, to June 19, 1971. Schaefer contends that he is not a bookmaker and that he did discuss lines with Lancaster and he did bet with Lancaster and Christophel.
Each of the defendants occupied separate offices within St. Louis County, Missouri, and used separate telephones.
Frank Vinceri discussed formulation of a line on sporting events with Clifford Alford Lancaster. He also discussed with Lancaster the status of bookmaking accounts which Vinceri maintained.
There is no evidence to indicate that Vinceri knew or dealt directly with any defendant other than Lancaster. There is no evidence to show that Christophel knew or dealt directly with any defendants other than Lancaster and Schaefer. There is no evidence to indicate that Ellis Athanas knew any defendants other than Lancaster and Christophel, nor Athanas dealt directly with any defendant other than Lancaster. There is no evidence to indicate that Angelo Del Pietro knew or dealt directly with any defendant other than Clifford Alford Lancaster. There is no evidence to indicate that Lonsberry dealt directly with any defendant other than Lancaster. There is no evidence to indicate that John Edward Vogt dealt directly with or knew any defendant other than Lancaster. Lancaster did not speak to each and every defendant on a daily basis between May 14th and June 19, 1971.

Findings of Fact
The Court finds beyond a reasonable doubt:

Count I
1. On a substantially continuous basis from on or about May 14, 1971, within the Eastern District of Missouri, up to and including June 19, 1971, Ellis Athanas, William Christophel, Angelo Del Pietro, Clifford Alford Lancaster, James Lonsberry, Eugene Schaefer, Frank Vinceri, and John Edward Vogt knowingly, willfully, and unlawfully conducted, financed, managed, supervised, directed, and owned a bookmaking business. Occupying separate premises and using separate telephones, the defendants conducted the bookmaking business as follows:
a. Angelo Del Pietro and Frank Vinceri provided line information to Clifford A. Lancaster on a substantially continuous basis.
b. After receiving the line from Angelo Del Pietro and Frank Vinceri, Clifford A. Lancaster would disseminate the line to Ellis Athanas, William Christophel, *413 James Lonsberry, and John Edward Vogt, as well as to customers with whom Clifford A. Lancaster dealt directly. Occasionally, Lancaster would modify the line he received from Angelo Del Pietro and Frank Vinceri prior to disseminating it as described.
c. Equipped with the line, all eight defendants disseminated it to customers in order to induce them to bet on sporting events, including baseball and hockey games and horse races. Each of the defendants received, accepted, recorded and registered bets from customers.
d. Clifford A. Lancaster exchanged lay off bets with Angelo Del Pietro, Eugene Schaefer, Frank Vinceri, and John Vogt and discussed lay off betting with William Christophel.
e. James Lonsberry operated a sub book for Clifford Alford Lancaster by accepting bets from customers on Lancaster's behalf and relaying the bets to Lancaster.
f. Ellis Athanas operated a sub book for Lancaster by soliciting customers for Lancaster and by handling the payment of money to or collection of money from customers in Lancaster's behalf.
g. Each of the defendants discussed with the customers with whom he dealt directly the status of the accounts which the bookmaker maintained for the customer in the conduct of his portion of the business.
2. The bookmaking business conducted, financed, managed, supervised, directed, and owned by the defendants:
a. Was in substantially continuous operation from on or about May 14, 1971, up to and including June 19, 1971;
b. Was conducted by the eight defendants in violation of the law of the State of Missouri, to wit: in violation of Sections 563.350 and 563.360, V.A.M. S., and
c. Had a gross revenue on May 18, 1971, and on May 23, 1971, in excess of $2,000.00.

Count II
1. During the period from May 14, 1971, up to and including June 14, 1971, Ellis Athanas, William Christophel, Angelo Del Pietro, Clifford A. Lancaster, James Lonsberry, Eugene Schaefer, Frank Vinceri, and John Vogt did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree together and with each other, within the Eastern District of Missouri to commit an offense against the law of the United States, that is, 18 U.S.C. § 1955, by conducting, financing, managing, supervising, directing, and owning an illegal gambling business, to wit: an illegal bookmaking business engaged in the receiving, accepting, registering, and laying off of bets and wagers on sporting events for a substantially continuous period of operation in excess of thirty days and having a gross revenue in excess of $2,000.00 on any single day, said illegal bookmaking business being a business enterprise conducted in the State of Missouri, involving gambling in violations of sections 563.350 and 563.360, V.A.M.S., and involving five or more persons who conducted, managed, supervised, directed, and owned the bookmaking business.
2. Each of the defendants knowingly and willfully associated himself with the conspiracy.
3. Each of the defendants committed various overt acts in furtherance of the unlawful objective of the conspiracy, to wit:
a. On a substantially continuous basis each of the defendants occupied separate premises and used a separate telephone for the purpose of accepting bets and wagers.
b. Frank Vinceri and Angelo Del Pietro utilized telephones to transmit line information to Clifford A. Lancaster.
c. Clifford A. Lancaster utilized a telephone to disseminate line to Ellis Athanas, William Christophel, James *414 Lonsberry, Eugene Schaefer, and John Vogt.
d. Ellis Athanas, William Christophel, Angelo Del Pietro, James Lonsberry, Eugene Schaefer, Frank Vinceri, and John Vogt used telephones to discuss the formulation of line with Clifford A. Lancaster.
e. Clifford A. Lancaster used a telephone to exchange lay off bets with Angelo Del Pietro, Eugene Schaefer, Frank Vinceri, and John Vogt, and to discuss lay off betting with William Christophel.
f. Ellis Athanas used a telephone to furnish Clifford Lancaster with the name of at least one customer.
g. James Lonsberry used the telephone to relay bets and wagers to Clifford A. Lancaster.
4. Each of the defendants had as an object of his conspiracy the conduct and operation of a bookmaking business in violation of the law of the State of Missouri.
5. Each of the defendants intended and reasonably contemplated that the gambling business would involve at least five persons who would conduct, finance, manage, supervise, direct, or own all or part of the bookmaking business.
6. Each of the defendants intended and reasonably contemplated that the illegal bookmaking business would be in substantially continuous operation for a period in excess of thirty days and have a gross revenue in any one day in excess of $2,000.00.

Court's Ruling on Objections to the Stipulation
The Court overrules the following objections:
1. Objection to the constitutionality of the wiretap evidence provided for in 18 U.S.C. § 2510 and the constitutionality of 18 U.S.C. § 1955. See Schneider v. United States, 459 F.2d 540 (8th Cir. 1972), cert. denied 409 U. S. 877, 93 S.Ct. 129, 34 L.Ed.2d 131 (1972). The defendants object to the introduction of Exhibit 25A through 29R on the grounds they were seized pursuant to an illegal and unlawful search and also the introduction of any evidence seized from any defendant other than himself on the grounds of materiality and irrelevancy. This is overruled by the Court.
2. The defendants object to the introduction in the stipulation on page 8 of an example on the grounds that the example assumes the existence of a single bookmaking business among all defendants. Defendants contend that such fact has not been proven by the evidence. This is overruled.
3. The defendants and each of them object to the admissibility in evidence of the opinion of Agent Whitcomb's testimony in stipulation B for the reason that all of the defendants were not engaged in a single bookmaking business. This is overruled.
4. Defendant Frank Vinceri specifically objects to the introduction of stipulation 1, and particularly A(10), B(3)(a), C, D, E, F, G, H, J, and K on the grounds that they are irrelevant and immaterial and constitute hearsay as to defendant Vinceri. This is overruled.

Special Findings of Fact
The Court makes the following special findings of fact requested by various defendants.
1. The defendants did not share the profits or losses of their individual portion of the business with the other defendants, except by virtue of their lay off bets.
2. There was no specific accounting or bookkeeping between and among each or all of the defendants.
3. The conspiracy among the defendants began on or before May 14, 1971, and continued up to and including June 19, 1971.

Conclusions of Law
The Court finds all defendants and each of them guilty as charged beyond a reasonable doubt of Count I and Count II of the indictment.